THE PEOPLE *ex rel.* G. R. Duncan, County Collector, Appellee, *vs.* A. M. GOUGH *et al.* Appellants.

*Opinion filed December 17, 1913.*

1. TAXES—*"calling" election for hard roads tax means giving notice of election.* The provision of section 1 of the Hard Roads act that in case a special election is petitioned for, the election must be "called in the manner provided for calling special elections in section 4a," does not mean that the election must be petitioned for in the manner provided for in section 4a, but only that the notices shall be given in the same manner as notices of election under section 4a.

2. SAME—*the town clerk may call the special election for hard roads tax.* If a petition complying with section 1 of the Hard Roads act is filed with the town clerk, the fact that the petition calls for a special election does not make it necessary that the petition be signed by the highway commissioners and the proportion of freeholders required by section 4a or that the election be called by the order of the supervisor, but it is the duty of the clerk to call the special election by posting the same number of notices as are required by section 4a.

3. SAME—*elections for hard roads tax and to borrow money for hard roads may be held concurrently.* If a petition complying with section 1 of the Hard Roads act is filed with the town clerk asking for a special election on the proposition to levy a tax for hard roads, and a petition complying with section 4a is filed for an election on the proposition to borrow money for hard roads, the elections on the two propositions may be held concurrently upon posting the notices in the manner provided in section 4a.

4. SAME—*what is a sufficient record of desire of highway commissioners to borrow money.* A petition complying with section 4a of the Hard Roads act, stating why the election for the purpose of borrowing money is desired, what the money is desired for, and asking that an election on the proposition be held concurrently with the election on the proposition to levy a hard roads tax, is a sufficient record of the desire of the highway commissioners to expend more money on hard roads than is available unless the money is borrowed.

5. SAME—*what is a sufficient compliance with requirement that record of bond issue shall be kept in office of county clerk.* Where the highway commissioners, after the election to borrow money for hard roads, adopt a resolution specifying the number and denominations of the bonds to be issued, the date of their maturity and rate of interest, and providing for a tax, as required by statute,

for the purpose of paying the interest and principal of the bonds, which resolution is certified to the county clerk by the town clerk and is on file in the county clerk's office, there is a sufficient compliance with the statute requiring a record of the bond issue to be kept in the office of the county clerk.

APPEAL from the County Court of Douglas county; the Hon. WALTER J. DOLSON, Judge, presiding.

WALTER V. ARBUCKLE, and JOHN H. CHADWICK, for appellants.

CHARLES G. ECKHART, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court overruling objections filed by appellants to judgment for what is called in this record a special hard road tax and a bond tax.

At a special election held in Sargent township, Douglas county, August 10, 1912, it was voted to levy a tax of one dollar on the $100 assessed valuation for the construction and maintenance of rock roads, and also to borrow $35,000 for the construction and maintenance of rock roads in said township. Appellants contend that the special hard road tax is invalid because the election upon that question was illegal, and that if that tax was illegal then the tax levied to pay the bonds upon which the $35,000 was borrowed is invalid also.

The petition for the hard road tax was in compliance with the requirements of section 1 of the Hard Roads statute, which is paragraph 245 of chapter 121 of Hurd's Statutes, and was filed with the town clerk. The petition for the election upon the question of borrowing $35,000 was addressed to the supervisor of the town, signed by the commissioners of highways and also by the requisite number of freeholders, and was filed with the town clerk, whereupon the supervisor by an instrument in writing di-

rected the town clerk to post notices of the election in the manner required by section 4*a* of the Hard Roads statute. Notices were posted of an election to be held to vote upon the question at the same time and places as the election to vote upon the proposition of levying a tax of one dollar on the $100 assessed valuation for rock roads. A majority of the votes were in favor of both propositions.

As we understand the grounds upon which it is insisted the election upon the question of levying a hard road tax was illegal, they are based upon what we think is a misconstruction of the statute. Appellants contend the election upon the question of levying a hard road tax being a special one, it was not authorized to be held under a petition for that purpose under the provisions of section 1 of the Hard Roads statute; that special elections upon that question are governed by section 4*a* of the statute and must be petitioned for in accordance with the provisions of that section. The only authority for petitioning for an election upon the question of levying a hard road tax is found in section 1. Upon the petition of the requisite number of land owners who are legal voters, unless a special election is requested, the town clerk is required, when giving notice of the time and place for holding the annual town election, also to give notice that a vote will be taken at said election for or against levying the tax, but if a special election is requested by the petition, then it is to be "called in the manner provided for calling special elections in section 4*a* of this act." Section 4*a* provides that where the people have at any time voted for such special tax, "or concurrently with the election for such special tax, if the commissioners desire to expend on hard roads in their town (or district) a greater sum than is available to them from other sources, they, or a majority of them, may petition the supervisor of the town  *  *  * to call a special election to vote on the proposition." The petition is required to be signed by the commissioners, or a majority of them,

in their official capacity, and also by one hundred freehold-
ers of said town, or where there are less than two hundred
such freeholders, then by a majority of them. The petition
is required to be filed in the office of the town clerk, and
upon its being filed the supervisor is required to order the
town clerk, by an instrument in writing signed by him, to
post up in ten of the most public places in said town, no-
tices of such special election. It is argued that as the elec-
tion authorized by section 4a must be petitioned for by the
commissioners of highways and a certain number or pro-
portion of the freeholders of the town and must be ordered
to be held by the supervisor, the town clerk was without
authority to give notice of an election upon the question
of levying a hard road tax, because the petition request-
ing such election was signed only by land owners who were
legal voters of the town and was not signed by the com-
missioners.

The clause in section 1 relied upon by appellants, that
if the question of levying a hard road tax is submitted at
a special election it must be "called in the manner provided
for calling special elections in section 4a," was never in-
tended to require the election to be petitioned for in the
manner provided by section 4a for an election upon the
question of borrowing money. The "call" for the election
was evidently used in the act as synonymous with "notice"
of the election. If the election by virtue of a petition un-
der section 1 is held at the time of the regular annual
town election only three notices,—that being the number
required for the annual town election,—are required to be
posted, but if the election is a special one then it must be
"called,"—that is, ten notices of it must be posted,—in ac-
cordance with the provisions of section 4a. No authority
is given by that section for submission of the proposition
of levying a hard road tax upon such a petition as is de-
scribed in the section. Upon filing a petition as required
by section 1 it is made the duty of the town clerk to

260 – 35

"call,"—that is, give notice of,—the election, whether it is special or held at the annual town election. Under section 4*a* the town clerk cannot "call,"—that is, give notice,—of the election until ordered by the supervisor, in writing, to do so. The only application section 4*a* was intended to have upon an election held for the purpose authorized by section 1 was, that if the election under that section was held at any other time than the time of the annual town election, notice of it should be given in the same manner as notice of an election under section 4*a*. Any other construction would render the sections referred to inharmonious and conflicting. The construction given the sections mentioned renders them harmonious, and as we view it no other construction can be placed upon the act without doing violence to the evident intention of the legislature. Such a construction is prohibited by all the rules relating to statutory construction.

It is our conclusion that the election upon the question of levying a hard road tax was legal and that the tax is a valid tax.

It is further objected by appellants that the tax for the payment of bonds issued for money borrowed by virtue of the election held upon that question is invalid (1) because the commissioners of highways failed to enter upon their records their desire to expend more money on hard roads than was available from other sources; and (2) that there is no record of the issue of the bonds upon which the money was borrowed in the office of the county clerk, and the extension of the tax to pay principal and interest on the bonds was therefore unauthorized. With reference to the first proposition, there is a record in the office of the town clerk of Sargent township of the action of the commissioners of highways in asking that an election be called to vote upon the question of borrowing money for hard roads. The petition for that purpose is on file in the office of the town clerk and was introduced in evidence by appel-

lants. It is a sufficient record of the action of the commissioners expressive of their desire to use more money in constructing and maintaining hard roads than was available from other sources. The petition recites why the election is desired, what the money was desired for, and asked that the election be held concurrently with the election for levying a hard road tax. This we think sufficient. Bonds were issued by the commissioners upon which the money was borrowed but the bonds were not registered with the county clerk. The law does not require them to be registered. It requires that a record of all issues of such bonds shall be kept in the office of the county clerk, whose duty it shall be to extend annually against the property in the township or road district a tax sufficient to pay the interest on said bonds each year prior to the maturity of the first series, and thereafter a tax each year sufficient to pay each series as it matures, together with interest thereon and interest on the unmatured bonds outstanding. After the election the commissioners met and decided to issue thirty-five bonds for $1000 each, six bonds maturing in each of the years 1914 to 1918, inclusive, and five bonds in 1919, all bearing interest at five per cent, interest payable annually. They also decided upon the levy of a tax, annually, for the purpose of paying the principal and interest upon the bonds, as required by statute. All these actions were taken by resolution and were certified to the county clerk of Douglas county by the town clerk. This record is on file in the office of the county clerk and was introduced in evidence on the trial of the appellants' objections. We think this was sufficient for the purposes of the requirement of the statute that a record of the bond issue shall be kept in the office of the county clerk. The county court did not err in overruling appellants' objections and rendering judgment for the tax.

The judgment is affirmed.          *Judgment affirmed.*