[Civ. No. 13993.   Second Dist., Div. Three.   Apr. 21, 1944.]

LEE DEMING et al., Appellants, v. COMMUNIST PARTY OF THE UNITED STATES OF AMERICA et al., Respondents.

William C. Ring for Appellants.

Robert W. Kenny, Attorney General, Everett W. Mattoon, Assistant Attorney General, Andersen & Resner, George R. Andersen, Herbert Resner and Leo Gallagher, for Respondents.

Arthur Garfield Hays, Osmond K. Fraenkel, Wayne M. Collins and A. L. Wirin as Amici Curiae on behalf of Respondent Communist Party.

DESMOND, P. J.—In the year 1942, a primary election was held in the State of California on August 25th. Six days later, on August 31, 1942, the appellants, three in number and all of them electors of the State of California, filed in the County of Orange a document entitled, "Petition for declaratory relief, writ of Mandate and Injunction," naming as respondents, the Communist Party of the United States of America, a voluntary unincorporated association, the Secretary of State of the State of California, and eleven individuals, who, according to the petition, were all members of the Communist Party and were referred to as "Communist Party candidates." The writ of mandate was sought to bar the respondent Secretary of State "from canvassing the votes cast for the said purported candidates for nomination by said respondent, Communist Party" and from issuing to them certificates of nomination or facilitating the printing of their names on the general election ballot for November, 1942, as the nominees of said party. The petition prayed that an injunction issue restraining the Secretary of State "from committing each and all of said acts; and that pending the hearing of this petition upon the merits that a preliminary injunction issue so enjoining him pendente lite." The petitioners also asked the court to "adjudge *whether or not respondent, Communist Party of the United States of America, is qualified to be an organized political party under the laws of the State of California;* whether or not it was so qualified to be so certified by respondent, Secretary of State, to participate in and nominate its candidates for public office in said primary election of 1942; and *whether or not said respondent candidates are entitled to certificates of nomination from respondent, Secretary of State, and entitled to have their names, as such candidates, printed upon the ballot for the general election of November, 1942, in said state;* and

that it be further adjudged that respondent party, its members and purported candiates are disqualified by said party's designation; and their foreign allegiance and control, and by their trasonable, subversive policies, objectives and activities from participating in said primary election; and *that said purported nominees of said party are not entitled to be certified as qualified to have their names printed upon said general election ballot.*" It will be noted that the foregoing quotation asked the court's consideration of certain matters which were already moot, the primary election having taken place before the filing of the petition. The only matters which were not moot, three in all, we have italicized in the preceding quotation and shall pass upon them in the present opinion.

Upon the filing of the petition, the court in Orange County signed the restraining order therein requested and the case was later, on September 19, 1942, ordered transferred to the county of Los Angeles. Meantime, general demurrers were filed by the Secretary of State, by the Communist Party and its individual candidates above named. On September 29, 1942, upon a hearing in the Superior Court of Los Angeles County, the defendants' motion to dissolve the restraining order was granted and the demurrers sustained without leave to amend, the order to show cause, which had been made, was discharged, and judgment was ordered for all respondents. The petitioners took an appeal from the judgment and, by an opinion filed in this court on July 9, 1943, a motion to dismiss that appeal was granted as to the individual respondents, the eleven members of the Communist Party above named, on the ground that the cause had become moot as to them, the general election in November of 1942 having been duly and regularly held in which each and all of the Communist Party candidates failed of election. The petition contained the statement that "respondent, Communist Party, does not have and cannot have any candidates for any federal or state office, nominated by its members, to be voted upon in said general election . . . in the year 1942, *nor at any other time, or at all,*" and because of the words which we have italicized, we were not satisfied to dismiss the appeal as to the Communist Party on the ground that it had become moot and so denied the motion to that effect made in behalf of the Communist Party. No motion to dismiss on the part of the Secretary of State was made or acted upon.

We now consider, therefore, whether the court erred in sustaining the demurrers without leave to amend.

Reading the provisions of section 1060 of the Code of Civil Procedure providing for declaratory relief, we fail to see where the petitioners bring themselves within the terms of that statute. It provides that "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of *his* rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of *his* rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. . . ." (Italics added.) No deed, will or other written instrument is here involved, nor is there a contract in which any person is interested, the purpose of the petition being to secure a declaration " of the rights of respondent, Communist Party, and its said members, and of the duties of respondent, Secretary of State, concerning his certification of said Communist Party, as an organized political party, and the nomination of Communist Party candidates; and concerning the enjoyment by said party and its members of the benefits of that certain statute of said state known as the Direct Primary Law," or, as alternatively stated, that the "respondent, Communist Party, does not have and cannot have any candidates for any federal or state office, nominated by its members, to be voted upon in said general election . . . in the year 1942, *nor at any other time, or at all.*" (Italics added.) There is nothing here to show that any one of the petitioners is seeking declaratory relief in the form of a statement of *his* rights, but together they seek to have the court determine what may be the rights, if any, of the Communist Party and its candidates. Such an inquiry does not appear to be authorized by section 1060 of the Code of Civil Procedure. The petition in the instant case is somewhat similar to one passed upon by the Court of Appeals of Kentucky in *Dietz* v. *Zimmer* (1929), 231 Ky. 546 [21 S.W.2d 999], cited in *Lenahan* v. *City of Los Angeles* (1939), 14 Cal.2d 128, 131 [92 P.2d 1014], in which the petitioners were denied declaratory relief under the statute of that state known as the Declaratory Judgment Act, a general demurrer being sustained and a dismissal ordered.

There the petitioners instituted the action for a declaration of law respecting the rights of Charles Zimmer, Sr., and three other defendants to be candidates for certain offices in the city of Covington. Special and general demurrers to the petition as amended were filed and from the resulting judgment in favor of the respondents the plaintiffs prosecuted an appeal. Quoting from the opinion (p. 1000), ''Appellants insist that the conduct of the candidates during the contest in the municipal primary was a violation of the law. . . . We intimate no opinion respecting the character, legality, or effect of the conduct or declarations of the defendants, as delineated by the pleadings. Decision of that question will have to be remitted to a proceeding appropriate for the purpose. Neither is it necessary at this time to indicate the remedy that may be available if the candidates were held to be guilty of a violation of the law. . . . The appellants rely solely upon the Declaratory Judgment Act for the remedy invoked. It is not apparent from the terms of the act that the court has power to make a binding declaration of rights or forfeitures in a case of this character. It provides that 'any person interested under a deed, will or other instrument of writing, or in a contract, written or parol; or whose rights are affected by statute, municipal ordinance, or other government regulation; or who is concerned with any title to property, office, status or relation; or who as fiduciary, or beneficiary in [is] interested in any estate, provided always that an actual controversy exists with respect thereto, may apply for and secure a declaration of his rights or duties, even though no consequential or other relief be asked.' Civil Code, Sec. 639a-2. The appellants are not interested or concerned in anything embraced within those provisions of the statute. Their rights are not affected by any ordinance, regulation, or statute. They are not concerned with the title to any property, office, status, or relation. They present no actual justiciable controversy with respect to any rights of theirs, nor have they any duties to perform respecting which the direction of the court is desired or required. The appellants seek merely a declaration of disqualification of the named defendants and have failed to bring the case within any of the terms of the statute upon which the case is predicated. In the absence of a justiciable controversy requiring a declaration of the rights of the plaintiffs, or a definition of their duties, in respect

thereof, the court has no jurisdiction to enter a binding judgment (citing cases). . . . It is apparent that the case at bar does not come within the provisions of section 1 of the act. The rights sought to be declared belong exclusively to the defendants, and do not affect any justiciable right of the plaintiffs. *There is no actual controversy pending between the plaintiffs and the defendants, but the plaintiffs sought merely to have certain of the defendants declared disqualified as candidates* and certain other defendants adjudged the right to appear as candidates in their places. *A right of action for such purpose is not conferred upon appellants by the Declaratory Judgment Act.''* We have used italics to show the close analogy between the Kentucky case and the one we are considering. The reasoning in that case seems correct and applicable to the present proceeding.

Judgment affirmed.

Shinn, J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 19, 1944.