**CITY OF DE LEON, Appellant,**

v.

**R. G. FINCHER et al., Appellees.**

No. 3617.

Court of Civil Appeals of Texas.

Eastland.

March 10, 1961.

Rehearing Denied April 7, 1961.

Frederick G. Harmon, DeLeon, for appellant.

Frank Sparks, Eastland, for appellee.

PER CURIAM.

This is a writ of mandamus case in which R. G. Fincher and others, hereinafter referred to as citizens, sought to compel the mayor and the Board of City Commissioners of the City of DeLeon, hereinafter referred to as City, to call an election upon a proposed amendment to the charter. The effect of the amendment to be voted on was whether or not the City would continue to maintain parking meters. The court entered judgment for the plaintiffs and the City has appealed contending the court erred in granting the writ of mandamus because (1) the plaintiffs had no justiciable interest in the subject matter (2) the proposed amendment is void because it contains more than one subject (3) the proposed amendment invades the province of the City to provide for the health and welfare of the general public (4) the judgment is contradictory and (5) because the plaintiffs had an adequate remedy at law.

The parties stipulated that a petition for election with the requisite number of qualified voters of the City was duly and properly presented to the City and the City refused to call such election.

The City's point that the citizens do not have a justiciable interest in the law suit is without merit because one or more of them signed the petition requesting the election. This fact is sufficient to give them an interest different to the general public in reference to holding the election. Mitchell v. McCharen, Tex.Civ. App., 119 S.W.2d 676.

The City's point that the court erred in granting the writ because the charter amendment is void was decided contrary to such contention by the Supreme Court in Glass et al. v. Smith et al., 150 Tex. 632, 244 S.W.2d 645, 648, wherein the court said: "While we do not agree with the full import of the rule announced by the Court of Civil Appeals, we do agree with its conclusion that respondents being otherwise entitled to have the initiative election called and held, cannot be defeated in that right by the refusal of petitioners to perform purely ministerial duties on

the ground that in their opinion the ordinance would be invalid if adopted."

 Submitting to the voters of DeLeon for adoption or rejection, the proposed amendment to its charter is legislative in character. "In the case of Taxpayers' Ass'n of Harris County v. City of Houston, 129 Tex. 627, 105 S.W.2d 655, 657, this Court said that 'the power of initiative and referendum * * * is the exercise by the people of a power reserved to them, and not the exercise of a right granted', and that 'in order to protect the people of the city in the exercise of this reserved legislative power, such charter provisions should be liberally construed in favor of the power reserved.' Even so, the field in which the initiatory process is operative is not unlimited. It is first limited by the very nature of the proceeding. When the people exercise their rights and powers under the initiative provisions of a city charter they are acting as and become in fact the legislative branch of the municipal government. Accordingly, city charters frequently expressly limit the right of initiative to legislative matters." Glass et al. v. Smith et al., 150 Tex. 632, 244 S.W.2d 645, 648. We find nothing in the general law or the charter which would limit the initiatory process.

The judgment contains the following provision: "Therefore, on this the 18th day of October, 1960, it is Ordered, Adjudged and Decreed by the Court that the City of DeLeon, Texas, and its Board of City Commissioners, W. B. Nowlin, Mayor, Lowell Pittman, Charles Morgan and R. V. Bond in their official capacities as commissioners, forthwith order an election within the City of DeLeon, Texas, at the time and in the manner required by law, submitting to the voter of said City the adoption or rejection of the proposed amendment to the Charter of the City of DeLeon, Texas * * *." We find nothing in the judgment which is in fatal conflict with this quoted provision.

The City contends the citizens could nominate and elect members of the governing body of the City who were favorable to their cause at the municipal election to be held on the first Tuesday in April in 1961, or they could have brought an action to require the City to call an election on the parking meter issue, which the City contends is provided for in its contract with the parking meter company. The City contends that because the citizens had these two remedies, they are not entitled to a writ of mandamus. We find no authorities supporting such contentions.

We have examined all of appellant's points and find no merit in them and they are overruled.

Judgment affirmed.