**George LUND, Appellant,**

v.

**Avero Alanis ALANIS et al., Appellees.**

No. 14328.

Court of Civil Appeals of Texas.

San Antonio.

July 31, 1964.

Rehearing Denied Sept. 9, 1964.

Barnes & Elick, McAllen, for appellant.

Luther E. Jones, Jr., Corpus Christi, for appellees.

PER CURIAM.

George Lund, a candidate for the office of Tax Assessor-Collector of Starr County, sued six hundred residents of that county to obtain a declaration that they may not vote in the general election because their poll taxes were obtained without their authority and payment. The trial court dismissed the case for lack of jurisdiction and Lund has appealed.

■ Lund argues that the Declaratory Judgments Act provides a cumulative form of relief, which is in addition to his statutory right to challenge voters if and when they present themselves to vote, or by an election contest. The Declaratory Judgments Act does not, however, enlarge or create a new jurisdiction in courts. As Mr. Justice Lumpkin said in Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862:

"The Act is remedial in nature and procedural in character. It does not create jurisdiction in the courts over subjects in which they had no jurisdiction before the passage of the Act. It has only changed the method of exercising existing jurisdiction. Thus, a

court cannot assume jurisdiction of any cause of action under the authority of the declaratory procedure where it could not have assumed jurisdiction before its enactment."

Accord, Killam v. Webb County, Tex.Civ. App., 270 S.W.2d 628. Our question, therefore, is whether the judicial branch has jurisdiction to adjudicate the validity of poll taxes in anticipation of the voter's actual presentation at the polls sometime in the future.

■ The general rule is that elections belong to the political branch of the government and are beyond the control of the judicial power. City of Austin v. Thompson, 147 Tex. 639, 219 S.W.2d 57, 59; City of Dallas v. Dallas Consolidated Electric St. R. Co., 105 Tex. 337, 148 S.W. 292; Ex parte Barrett, 120 Tex. 311, 37 S.W.2d 741; Winder v. King, Tex.Com.App., 1 S.W.2d 587. The only way that the judicial branch acquires jurisdiction over political matters is through the grant of such powers, and courts have no power to adjudicate cases other than those which the law has given to them. Wright v. Fawcett, 42 Tex. 203. While the Declaratory Judgments Act is an additional remedy; the controlling point on this appeal is that neither before nor after the enactment of that Act has there been a grant of jurisdiction for courts to decide in advance of the election which votes are valid and which are not. We have been cited to no grant of such powers to the judicial branch, nor have we been able to find any.

■ Lund also has failed to bring himself within the rule that he must allege a justiciable controversy. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780. This means that he must show an actual dispute. He must allege facts from which he has a present legal right against those he names as defendants. "The threatened risk to the plaintiff must be present and not contingent

on the happening of some hypothetical future state of facts or events. * * * The purpose of the declaratory judgment act is to terminate controversies, not to begin them." 1 Anderson, Declaratory Judgments (2d Ed.), § 14. Lund has not asserted any real dispute with any of the defendants. How many, if any at all, will ever present themselves to vote is not known, or that they will vote against Lund.. Presently the argument is hypothetical.

 Lund has not asserted a justiciable interest. Not only must he show that there is a dispute, he must show that it is his dispute. The Declaratory Judgments Act affords private persons a remedy for private wrongs to them, but "Only lawfully constituted guardians of the public interest may maintain actions for the redress of such character of injuries." San Antonio Conservation Soc. v. City of San Antonio, Tex. Civ.App., 250 S.W.2d 259, 263; Sullivan v. Universal Electric Const. Co. of Alabama, Tex.Civ.App., 227 S.W.2d 387; Dietz v. Zimmer, 231 Ky. 546, 21 S.W.2d 999; Deming v. Communist Party, 64 Cal.App.2d 35, 148 P.2d 135; 1 Tex.Jur.2d, Actions, § 8. Lund does not complain that his own right to vote is denied, 26 C.J.S. Declaratory Judgments § 79; and he recognizes that there are procedures to challenge each questionable voter. Arts. 8.09, 8.10, 8.32, Election Code, Vernon's Ann.Tex.Stats. His action is brought because he says that the polls will become congested by the determination of so many challenges on election day. He therefore is asserting his action on behalf of the general public and falls within the rule stated in Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841, "* * * there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit. * * *" 'Mr. Justice Pierson states the same rule in

Staples v. State, ex rel. King, 112 Tex. 61, 245 S.W. 639, 641. "It is necessary for the state to be a party where the action is for the benefit of the public at large, though growing out of a party primary election. The statute cannot confer a right upon private individuals to act for all where it is shown they have no interest different from all others." Accord, Board of Registration Com'rs. v. Campbell, 251 Ky. 597, 65 S.W. 2d 713.

In our opinion the court lacked jurisdiction and properly dismissed the action. The judgment is affirmed.