C. R. DAVIS, Appellant,

v.

Steven C. OAKS et al., Appellees.

No. 1006.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 20, 1974.

John G. Gilleland, Houston, for appellant.

David A. Gibson, Engel, Groom, Miglicco & Gibson, Joe Resweber, County Atty.,

Edward J. Landry, Michael R. Davis, Houston, for appellees.

Steve Oaks, pro se.

PER CURIAM.

This is an attempted appeal by C. R. Davis from a judgment of a district court of Harris County denying what he calls his petition for writ of mandamus.

The appellant, Davis, was elected in 1972 to the office of Constable, Precinct No. 4, Harris County, Texas. The term to which he was elected began January 1, 1973, and was to continue through December 31, 1976. On June 28, 1973, the Harris County Commissioners Court redistricted the constable precincts of Harris County. The New Precinct No. 4 consisted of all of old Precincts 4, 5, and 7 and parts of 3 and 6. There were three persons, including Davis, residing in the new Precinct 4 who had been Constable of an area included therein. The Commissioners Court of Harris County, effective July 1, 1973, appointed Davis as Constable of the new Precinct 4. This action was pursuant to Tex.Rev. Civ.Stat. Ann. art. 2351½ (1971).

Both Davis and Larry Eddings have filed as candidates for the Democratic nomination for the office of Constable of Precinct 4 in the primary election to be held on May 4, 1974. No one filed as candidate for such nomination in the Republican party. Steven Oaks, Chairman of the Democratic Executive Committee, has certified to the County Clerk a list of candidates, which list includes both Davis and Eddings as candidates for the office of Constable, Precinct 4, Harris County.

Davis filed suit in the district court against Oaks, Eddings, and R. E. Turrentine, Jr., County Clerk of Harris County. He prayed for issuance of a writ of mandamus "ordering and commanding the Defendants to remove the office of Constable, Precinct No. 4 of Harris County, Texas, from the ballot during the Democratic Primaries set for May 4, 1974." After a hearing in which the facts were stipulated, the trial judge on March 11, 1974, denied the relief sought by Davis. Davis appealed to this Court, and the parties agreed that the appeal be preferentially set for March 19, 1974.

It is the appellant's position that he was, in 1972, elected to a four-year term as Constable of Precinct 4 and that there is not, and will not be until January 1, 1977, any vacancy in that office. For the reasons hereinafter stated, we are unable to pass on the merits of that contention.

The first primary is to be held on May 4, forty-one days from this date. Absentee voting in that election will begin on April 22, twenty-nine days from this date. The Chairman of the Harris County Democratic Executive Committee has announced his intention of letting a contract for the printing of the ballots to be used in such election on March 25, five days from this date. The drawings for positions on the ballot have already been held.

If we were to decide the merits of the case, the losing side would have fifteen days, until April 12, in which to file a motion for rehearing. Assuming that motion was overruled at once, the losing party would have thirty days thereafter in which to file application for writ of error—until May 13, after the primary.

It can readily be seen that the losing side could not, if we were to decide the merits of this appeal, follow the appellate procedures available to that side without sacrificing some of the time given by the Texas Rules of Civil Procedure. We, therefore, on the authority of McGee v. McKaskle, 499 S.W.2d 755 (Tex.Civ.App. —Houston [1st Dist.] 1973, no writ), and the authorities cited therein, dismiss this case as moot.