# THE ATTORNEY GENERAL
## OF TEXAS
**ATTORNEY GENERAL**


September 5, 1974

The Honorable Jim Clark
Chairman, Committee on Labor
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 394

Re:    Construction of Sec. 27a,
Art. 1269m, V. T. C. S.
the Firemen's and Police-
men's Civil Service Act.

Dear Representative Clark:

You have requested an opinion interpreting provisions of Art. 1269m, Sec. 27(a), V. T. C. S., specifically, the following passage:

> . . . Upon receiving a petition signed by qualified
> voters in said city in number not less than ten per
> cent (10%) of the total number voting in the last
> preceding municipal election, the governing body
> of said city shall <u>call</u> an election within sixty (60)
> days after said petition has been filed with governing
> body . . . . (Emphasis added)

You ask:

> 1. Does the passage mean that a date and place for
> the election must be set within sixty (60) days after
> the petition has been submitted to the governing body
> of the city, or that the election be held within sixty
> (60) days after submission?
>
> 2. If the passage connotes the former rather than
> the latter, is there a time limit for holding the election,
> or can the governing body set the date and place for the
> election for any time in the future?

Your first question turns on the meaning of the word "call" when used in the context of Art. 1269m, Sec. 27(a), V. T. C. S. <u>Black's Law Dictionary</u> (4th Ed. 1951) defines "calling an election" as:

[c]ommonly construed as including, or as being
synonymous with, the giving of notice of the
election.

If the call for an election includes the holding of it, the statute will
clearly require an election to be held "within sixty days." However, if
the call is synonymous with the giving of notice no statutory mandate to
hold an election within sixty days results from Art. 1269m, Sec. 27(a).
V. T. C. S.

No Texas authority explicitly construing the meaning of the phrase
"call an election" has been found. Other jurisdictions have consistently
construed "calling an election" to mean giving notice of an election.
State v. Hall, 144 P. 475, 478 (Ore. 1914); People v. Gough, 103 N. E.
685, 686 (Ill. 1913).

It is clear from an examination of Art. 4.11, Election Code, V. T. C. S.,
that this construction of the phrase has been used by the Texas Legislature.
Art. 4.11 provides:

. . . In event no candidate receives a majority,
. . . the Governor shall, within five (5) days after
the results of the election are officially declared,
call a second election to be held on a specified day
which shall be not less than thirty (30)nor more than
forty (40) days after the date of the proclamation or
order calling the election. . . .

This Act provides that the "call" be made within five days but explicitly
forbids the election to be "held" within that period. "Calling an election,"
then,does not encompass the holding of the election. These cases dis-
tinguish between calling and holding elections: Glass v. Smith, 244 S. W. 2d
645 (Tex. 1951); Wolf v. Petty, 414 S. W. 2d 539 (Tex. Civ. App., Fort Worth
1967, no writ); City of DeLeon v. Fincher, 344 S. W. 2d 743 (Tex. Civ. App.,
Eastland 1961, writ ref., n. r. e.); Newton County Water Supply Dist. v. Bean,
320 S. W. 2d 158 (Tex. Civ. App., Austin 1959, writ ref'd., n. r. e.). It is
our opinion that the meaning of the phrase in Texas is identical to that com-
monly in use outside this jurisdiction. In Texas the "calling" of an election
is synonymous with the giving of notice of it to the voters.

Subdivision 1 of Art. 4.05, Election Code, V.T.C.S., stipulates how notice of an election is to be given. Subdivision 2 of Art. 4.05, Election Code, V.T.C.S., provides in pertinent part:

> The notice of each . . . special election shall state the nature and date of the election, the hours during which the polls will be open and the location of the polling place or places. . . .

Thus the procedure for "calling an election" requires not only that a date and place for the election be set, but also that such information be made available to the voters pursuant to Subdivision 1 of Art. 4.05. It is our opinion that Art. 1269m, Sec. 27(a), V.T.C.S., requires this procedure to be completed within sixty days of the filing of a properly submitted petition.

In answer to your second question, it is our opinion that an election called pursuant to Art. 1269m, Sec. 27(a), V.T.C.S., must be held within a reasonable time after the call.

> Time is an essential element of a valid election. The time for holding an election must be fixed in advance either by law or by the officer or officers empowered by law to designate the time, and when no special length of time is required it must be a reasonable time. 29 C.J.S. Elections Sec. 77.

See also Countz v. Mitchell, 38 S.W.2d 770 (Tex. Comm. App. 1931); Edwards v. Murphy, 256 S.W.2d 470 (Tex. Civ. App., Fort Worth 1953, writ dism.); State v. Self, 191 S.W.2d 756 (Tex. Civ. App., San Antonio 1945, no writ).

You are therefore advised that although the actual time of holding the election is not statutorily prescribed, discretion must be exercised in a manner reasonably calculated to effectuate the will of the voters.

SUMMARY

Article 1269m, Sec. 27(a), V. T. C. S., requires that
a date and place for the election be set and notice of
such date and place be given within sixty days after sub-
mission of a valid petition.   The actual holding of an
election called pursuant to Art. 1269m, Sec. 27(a), must
take place within a reasonable time thereafter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee