Donald A. THIEL, Appellant,

v.

Steven OAKS et al., Appellees.

No. 1392.

Court of Civil Appeals of Texas,
Houston (14th Dist.)

March 3, 1976.
Rehearing Denied March 24, 1976.

Donald A. Thiel, pro se, Michael Anthony Maness, Jefferson, Maness, Valdes & Mims, Houston, for appellant.

Steven Oaks, pro se.

CIRE, Justice.

This is an appeal from a denial of a temporary injunction. Appellant Donald Thiel petitioned the district court to enjoin appellees, Steven Oaks as Chairman of the Harris County Democratic Executive Committee and the Harris County Democratic Executive Committee, from placing the name of Paul Lawrence on the ballot as a candidate for the Democratic Party nomination for the office of State Representative for District 90.

The relevant facts have been stipulated by both parties. Appellant has duly and timely filed his application and filing fee and is a qualified candidate for the Democratic nomination for the office of State Representative, District 90. Paul Lawrence filed his application by certified mail, cor-rectly addressed to appellee and mailed at 5:54 P.M. on Monday, February 2, 1976. The application was received by the Harris County Democratic Executive Committee on February 3, 1976.

Appellant petitioned for temporary injunction on the ground that Lawrence's application was not timely filed according to the procedure specified in Tex.Election Code Ann. art. 13.12 sections 2, 2b (Supp. 1975–76).

■ Although we tend to agree with appellant's interpretation of the law, we find that the district court, and this court on appeal, are without jurisdiction to grant the injunction prayed for. Elections are political matters, and the courts may take jurisdiction of political matters only if the law has specifically granted such authority. *Lund v. Alanis,* 381 S.W.2d 955, 956 (Tex. Civ.App.—San Antonio 1964, no writ). Although the Election Code specifically grants jurisdiction to the courts to decide election contests and to grant injunctions in some matters relating to elections, there is no grant of authority to enjoin inclusion of a candidate on the primary ballot for the reasons alleged here.

■■ Appellant contends that he may receive such relief under the general injunction statute, Tex.Rev.Civ.Stat.Ann. art. 4642. In order to invoke the courts' jurisdiction, however, appellant must show a justiciable interest in the subject matter of this litigation: he must show a special injury particular to himself. *Holland v. Taylor,* 153 Tex. 433, 270 S.W.2d 219 (1954).

Appellant, having filed his application in accordance with the law, has a particular interest in his name being included on the primary ballot. However, his interest in seeing that unqualified candidates are not included on the primary ballot is not particular to him, but is shared with any other citizen constituting the general public. Appellant has no prospective right, protectible by temporary injunction, to avoid being challenged in the party primary by an unqualified candidate. *See Reynolds v. Cobb,*

196 S.W.2d 60, 62 (Tex.Civ.App.—Dallas 1946, no writ).

Although the Election Code contains no grant of authority to the judiciary to enjoin party officials from illegally including candidates on the primary ballot, Article 13.41 of the Election Code and Tex.Rev.Civ.Stat. Ann. art. 1735a (Supp. 1975–76) do grant original jurisdiction to the supreme court and to the courts of civil appeals to

> issue the writ of mandamus, or any other mandatory or compulsory writ of process, against any public officer or officer of a political party, or any judge or clerk of an election, to compel the performance, in accordance with the laws of this state, of any duty imposed upon them, respectively, by law, in connection with the holding of any general, special, or primary election or any convention of a political party.

Tex.Rev.Civ.Stat.Ann. art. 1735a (Supp. 1975–76).

■ Prior to an unlawful placement of a candidate's name on the primary ballot, another candidate, whose name has also not yet been placed on the ballot, has no probable right which can be protected by temporary injunction. If the party officials do unlawfully place the name of a candidate on the ballot, the legislature has prescribed the writ of mandamus as the appropriate remedy.

We conclude that appellant was without authority to institute this suit in the trial court, and the trial court therefore had no jurisdiction. The judgment of the trial court is reversed, and the cause is dismissed.