The **AMERICAN NAZI PARTY** et al., Appellants,

v.

Marvin **ZINDLER,** Appellee.

No. 1801.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 18, 1978.

Appellant's and Appellee's Rehearings Denied Feb. 15, 1978.

Michael Anthony Maness, Houston, for the American Nazi Party.

James M. Shatto, Houston, for Southwestern Bell Telephone Co.

Joe Pelton, Robert O. Pelton, Houston, for appellee.

PER CURIAM.

In November 1977 Marvin Zindler, the appellee, sued Southwestern Bell Telephone Company and the American Nazi Party, both appellants herein, seeking to restrain them from playing, or allowing to be played, a recorded telephone message which was then available to callers to the American Nazi Party's listed telephone number. On December 8, 1977, following a hearing, the district court granted the appellee's request for a temporary injunction. The order temporarily enjoined the appellants from playing or causing to be played on the telephone the following recorded phrases and portions of messages:

(1) "In order to meet this problem head on, we are now offering a $5,000 prize for every non-White carcass killed while attacking a White person. We offer this reward in order to alleviate some of the legal problems of fellow White people. But we are encouraging mass executions of non-Whites in order to make their stay in this country an unhealthy one."

(2) "if you desire to bring in your carcass"

(3) "We are beginning the battle by offering a $5,000 prize for every non-White killed during an attack on a White person."

(4) "to claim your reward for the carcasses of any non-White killed during an attack, or"

The appellants assign several points of error in their interlocutory appeal from that injunction. One of the points presents the threshold question of whether the appellee has standing to prosecute this suit. The appellee contends that he may receive such relief under the general injunction statute, Tex.Rev.Civ.Stat.Ann. art. 4642 et seq. In order to invoke the court's jurisdiction, however, he must show a justiciable interest in the subject matter of this litigation; he must show a special injury peculiar to himself. *Thiel v. Oaks*, 535 S.W.2d 1, 2 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). This is a traditional requirement of courts of equity which has been established in Texas since 1888. *City of San Antonio v. Stumburg*, 70 Tex. 366, 7 S.W. 754 (1888); *Holland v. Taylor,* 153 Tex. 433, 270 S.W.2d 219 (1954).

Recognizing the hurdle created by this principle, the appellee sought to demonstrate a special injury by testifying that he is Jewish and a television personality who presents a particularly attractive target for the vitriol of the appellant American Nazi Party. Additionally, he argues that his investigative reporting amounts to an "attack" in some instances. Despite this argument, we find that his interest in this matter is insufficient to constitute a special injury as defined by the authorities. *Thiel v. Oaks, supra.*

The indignation and resentment which the appellee feels as a result of the language involved in this matter is both understandable and justified. The language is vicious, disgusting and repugnant to all decent persons. If, beyond that, it amounts to illegal conduct, appropriate officials are authorized to initiate action on behalf of the public to control it and punish those responsible for it.

Because the appellee lacks a justiciable interest in the subject matter of the litigation, we do not reach the question of whether the language employed is entitled to protection as free speech under the First and Fourteenth Amendments of the Constitution of the United States or under the provisions of Article 1, Section 8 of the Constitution of the State of Texas.

The judgment of the trial court is reversed, the temporary injunction dissolved, and the cause dismissed.