Edward J. **BLUM**, Appellant,

v.

Bob **LANIER**, Mayor of the City of Houston and the City of Houston, Appellees.

No. 14–97–01134–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 26, 1997.

Rehearing Overruled Jan. 15, 1998.

---

William S. Helfand, Houston, TX, Kimberly Rose Stamp, Houston, TX, for appellants.

Patrick Zummo, Houston, TX, Gene L. Locke, Houston, TX, for appellees.

Panel consists of Justices LEE, MAURICE E. AMIDEI, and ANDERSON.

### OPINION

NORMAN LEE, Justice.

Appellant, Edward J. Blum, appeals an order dismissing his petition for injunctive relief for want of subject matter jurisdiction. Appellees, Bob Lanier and the City of Houston, filed a subsequent motion to dismiss the appeal. We took appellees' motion with the case and now overrule their motion and affirm the judgment of the trial court.

### Background

On August 20, 1997, Blum filed a petition, signed by 20,565 qualified voters, with the City of Houston Secretary calling for an amendment to the city charter. The primary objective of the proposed charter amendment was to change the city charter's language to read as follows:

> The City of Houston shall not discriminate against, or grant preferential treatment to, any individual or group on the

basis of race, sex, color, ethnicity, or national origin in the operation of public employment and public contracting.

On October 1, 1997, the Houston City Council voted to place the proposed charter amendment on the ballot of the November 4, 1997 general election. *See* Tex. Loc.Gov't.Code Ann. § 9.004 (Vernon 1998).[1] Relying on section 52.072 of the Texas Election Code,[2] the City Council altered the original language of the proposed charter amendment and submitted the amendment to the voters in the following language:

> Shall the Charter of the City of Houston be amended to end the use of affirmative action for women and minorities in the operation of City of Houston employment and contracting including ending the current program and similar programs in the future?

Blum immediately filed a petition for a writ of mandamus in district court asking the court to order appellees to comply with the provisions of the City of Houston Charter "and submit a proposed ballot initiative to the popular vote 'without alteration.' "[3] Alternatively, Blum petitioned the trial court to enjoin appellees "from replacing the original language of the [amendment] with its [sic] own vague, indefinite language, which fails to give voters

fair notice of the nature and substance of the proposed charter amendment."

Appellees filed a plea to the jurisdiction alleging the trial court lacked subject matter jurisdiction to hear Blum's case. The district court denied Blum's petition for writ of mandamus and found it lacked subject matter jurisdiction to consider his request for injunctive relief. This appeal followed.[4]

## Analysis

### *Appellees' Motion to Dismiss the Appeal*

■■■ Appellees contend this Court should dismiss this appeal because Blum's petition for injunctive relief is now moot. The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *FDIC v. Nueces County*, 886 S.W.2d 766, 767 (Tex.1994). Appellees argue that because "ballots have already been printed and mailed, early voting by mail ballot is underway, and early voting by personal appearance has already begun," Blum's request for injunctive relief is moot. *See Shaw v. Miller*, 394 S.W.2d 701, 703 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) (holding a cause of action is moot if it cannot be "disposed of prior to the time for printing of ballots and the commencement of absentee voting."); *see also Davis v. Oaks*, 507 S.W.2d 328 (Tex.

---

1. Section 9.004 requires a municipality to submit a proposed charter amendment to the voters when the petition is supported by a number of qualified voters of the municipality equal to at least five percent of the number of qualified voters of the municipality or 20,000, whichever is smaller. *See* Tex.Loc.Gov't.Code Ann. § 9.004 (Vernon 1988).

2. Section 52.072 of the Election Code states that "[e]xcept as otherwise provided by law, the authority ordering the election shall prescribe the wording of a proposition that is to appear on the ballot." Tex.Elec.Code Ann. § 52.072 (Vernon 1986).

3. The City of Houston Charter provides that "[t]he people of Houston, in addition to the method of legislation hereinbefore provided, shall have the power of direct legislation by the initiative and referendum." City of Hous-

ton Charter art. VIIb, § 1. The Charter further provides:

> [T]he council, within ten days after the receipt [of a valid initiative], except as otherwise provided in this Charter, shall either pass such ordinance or resolution without alteration, or submit it to the popular vote at a special election, which must be held within thirty days after the date of the ordering thereof; provided however, that if any other municipal election is to be held within sixty days after the filing of the petition said proposed ordinance or resolution shall be submitted without alteration to be voted upon at such election.

*Id.* at § 2(c).

4. Blum appeals only the trial court's order dismissing his request for injunctive relief. Blum does *not* challenge the trial court's denial of his petition for writ of mandamus.

Civ.App.—Houston 1974, mand. overr.); *McGee v. McKaskle,* 499 S.W.2d 755 (Tex. Civ.App.—Houston [1st Dist.] 1973, no writ).[5] Blum contends the matter is not moot because it satisfies the requirements of the "capable of repetition yet evading review" exception to the mootness doctrine. *See, e.g., General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990). This exception applies when (1) the challenged act is of such short duration that the party seeking review cannot obtain it before the issue becomes moot, and (2) there is a reasonable expectation the same complaining party would be subjected to the same action again. *See Houston Chronicle Pub. Co. v. Crapitto,* 907 S.W.2d 99, 101–02 (Tex.App.—Houston [14th Dist.] 1995, no writ).

The City Council's decision to alter the language of the proposed charter amendment occurred just eight days before ballots were mailed to City of Houston voters and absentee voting began. The district court entered its final order only two days prior to early voting, and this Court received Blum's request for appellate review a full day *after* absentee voting began. Consequently, Blum could not obtain review of the challenged action before the issue became moot. Additionally, given the City Council's apparent willingness to utilize section 52.072 of the Election Code as authority to prescribe the language of a proposed charter amendment, we find the matter is capable of repetition. Accordingly, we deny appellees' motion to dismiss the appeal and turn to the merits.

*Blum's Point of Error*

■ Blum's sole point of error contends the trial court erred in dismissing his peti-

tion for injunctive relief because "section 273.081 of the Election Code expressly confers jurisdiction upon district courts the power to grant injunctive relief for a violation of the Election Code." [6] Blum's petition for injunctive relief stated, in pertinent part:

> [t]he City claims that the state Election Code gives it the authority to determine the wording of propositions. However, [section 52.072 of the Election Code] specifies that "*[e]xcept as otherwise provided by law,* the authority ordering the election shall prescribe the wording of a proposition that is to appear on the ballot." A city charter may impose additional requirements for ballot initiatives beyond those required by the state Election Code, and Houston's City Charter does just that; it imposes the additional requirement that the City Council submit the proposed initiative "without alteration" for a popular vote.

(citations omitted).

■ Appellees allege Blum does not have standing to sue because he is not a proper party to assert a claim for injunctive relief. To invoke the jurisdiction of the trial court, the party seeking to prosecute the lawsuit must show he has standing to litigate the matters in issue. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). To establish standing, the plaintiff must show he has some interest peculiar to himself individually and not as a member of the general public. *See Hunt v.. Bass,* 664 S.W.2d 323, 324 (Tex.1984). A person has standing to sue if he (1) has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2)

---

5. Appellees have attached the affidavit of Mr. Tony Sirvello, the Elections Administrator for Harris County, to their motion to dismiss. Sirvello's affidavit states that "the Harris County Clerk's office mailed ballots to City of Houston, Harris County voters who are entitled to vote early by mail in the November 4, 1997 elections. Early voting by personal appearance for City of Houston, Harris County voters began on October 18, 1997."

6. Section 273.081 provides that "[a] person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." TEX.ELEC.CODE ANN. § 273.081 (Vernon 1986).

has a personal stake in the controversy; (3) has suffered some special injury particular to himself; or (4) has a legal right, distinct from the general public. *See id.; Precision Sheet Metal Mfg. Co., Inc. v. Yates,* 794 S.W.2d 545, 551–52 (Tex.App.—Dallas 1990, writ denied); *Thiel v. Oaks,* 535 S.W.2d 1, 2 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731, 732 (1928). When the plaintiff, as a private citizen, asserts a public, as distinguished from a private right, and his complaint fails to show the subject matter of the litigation affects him differently from other citizens, he does not establish a justiciable interest. *See Tri County Citizens Rights Org. v. Johnson,* 498 S.W.2d 227, 229 (Tex.Civ. App.—Austin 1973, writ ref'd n.r.e.).

■ Blum argues the issue of standing is not before this Court because appellees failed to raise the issue in the proceeding below. To support his argument, Blum cites *Texas Indus. Traffic League v. Railroad Comm'n of Texas,* 633 S.W.2d 821, 823 (Tex.1982) (per curiam) (holding the issue of standing is waived if not asserted at the district court level). The Texas Supreme Court has expressly overruled *Texas Industrial Traffic League* and held that standing is a jurisdictional question that cannot be waived and may be raised for the first time on appeal. *See Texas Ass'n of Business,* 852 S.W.2d at 445–46.[7]

Blum points out he signed the petition calling for the charter amendment and argues this fact alone is sufficient to give him a justiciable interest in the controversy. To support this contention, Blum cites *City of DeLeon v. R.G. Fincher,* 344 S.W.2d 743, 744 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.). In *City of DeLeon,* several plaintiffs filed a petition for writ of mandamus asking the district court to order the city to hold an election on a proposed charter amendment. *Id.* at 743. The trial court issued the writ and the city appealed contending the plaintiffs had no justiciable interest in the controversy. The Eastland Court of Appeals held the mere fact that one or more of the plaintiffs signed the petition requesting the election was "sufficient to given them an interest different to the general public *in reference to holding the election." Id.* at 744 (emphasis added). Unlike the situation in *City of DeLeon,* however, Blum does not seek an order to compel the City of Houston to hold an election on a proposed charter amendment. Rather, Blum seeks to enjoin appellees from replacing the original language of a charter amendment with its own. We decline to extend the reasoning in *City of DeLeon* to the facts of the present case.

Finally, Blum argues he has a justiciable interest in the matter in dispute because he (1) participated in drafting the proposed charter amendment, and (2) helped circulate the petition. Blum does not explain how or why these acts demonstrate his interest is any different from that of the general public, and we have found no authority to support such a conclusion. While he may have been heavily involved in the procedure to get the proposed charter amendment placed on the November 4, 1997 ballot, Blum has failed to show how the City Council's action has caused him a "special injury particular to himself." *See, e.g., Hunt,* 664 S.W.2d at 324; *Thiel,* 535 S.W.2d at 2. Because he has no justiciable interest in the subject matter of the litigation, Blum lacks standing to assert a claim for injunctive relief in this case. Accordingly, we overrule Blum's point of error and affirm the trial court's judgment.

---

7. We recognize *Texas Association of Business* dealt with the situation in which the reviewing court, rather than one of the parties, raised the issue of standing. However, given the supreme court's emphasis that the question of standing is determinative of subject matter jurisdiction, we believe the issue must be addressed any time a party assigns lack of standing as error.