## Dietz et al. v. Zimmer et al.

(Decided November 19. 1929.)

STEPHENS L. BLAKELY and JOHN T. MURPHY for appellants.

SAWYER A. SMITH, GREGORY W. HUGHES and STANLEY CHRISMAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Charles Dietz and Matt J. Crolley instituted this action under the Declaratory Judgment Act (Civil Code, secs. 639a-1 to 639a-12) for a declaration of law respecting the rights of Charles Zimmer, Sr., and three other defendants, to be candidates for certain offices in the city of Covington for which they had been chosen in the municipal primary election. Covington is a city of the second class, and operates under the commission form of government. Ky. Stats., secs. 3235c-1 to 3235c-29. The primary election was held on the third Saturday before the day for the regular election, as provided by section 3245c-6, Ky. Stats., Supp. 1928, and the highest number of votes was received by Charles Zimmer, Sr., for the office of safety commissioner, by Louis Meyer for the office of finance commissioner, and by Joseph F. Pieper for the office of public works commissioner. Only two applicants appeared for the office of public property commissioner, and they did not enter the primary, but were given certificates of nomination which entitled them to be placed on the ballot for the final election.

It is the claim of the plaintiffs, who are proceeding as residents, taxpayers, and electors of the city of Covington, that the three candidates named and one of the candidates for public property commissioner had disqualified themselves as candidates in the general election. The basis of the claim is three-fold. The candidates mentioned made a public announcement to the effect that, if elected, they would delegate the duties of their respective offices to some other person not elected by the voters, but selected by themselves, and donate five-sixths of their combined salaries to compensate the person so chosen to do the work which the law imposed on the elected officials. The statute fixed the salaries of the various commissioners at $3,600 each per annum

(section 3235c-11, Ky. Stats. 1928), and the proposition to the public involved the donation of $12,000 of the compensation allowed by law to the commissioners to compensate a competent person to manage the governmental affairs of the city. It is claimed that the proposition was illegal in itself and constituted a violation of the Corrupt Practices Act. Section 1565b-3, Ky. Stats. It is further claimed that the plan contemplated a violation of section 3740, Ky. Stats., which condemns the farming out, in whole or in part, of any office by any person holding or expecting to hold it, and disqualifies such person from holding the office. It is alleged also that various corporations of Covington, owning valuable property, which it would be the duty of the city officers to assess for taxation, had contributed toward the election of the four defendants, which was a violation of the Corrupt Practices Act. Special and general demurrers to the petition as amended were filed. The circuit court sustained the general demurrer, and, when the plaintiffs declined to plead further, the action was dismissed. The plaintiffs prosecuted an appeal, and upon consideration thereof by the whole court an order of affirmance was entered on November 1, 1929, thus disposing of the case prior to the election. On account of the very short time at our disposal, it was necessary to defer the preparation of an opinion. Appellants insist that the conduct of the candidates during the contest in the municipal primary was a violation of the law, and rely upon Owsley v. Hill, 210 Ky. 285, 275 S. W. 797; Prentiss v. Dittmer, 93 Ohio St., 314, 112 N. E. 1021, L. R. A. 1917B, 191; State v. Purdy, 36 Wis. 213, 17 Am. Rep. 485; State ex rel. Bill v. Elting, 29 Kan. 397; Walker v. Taylor, 230 Ky. 689, 20 S. W. (2d) 727 decided October 1st, 1929; and other authorities. We intimate no opinion respecting the character, legality, or effect of the conduct or declarations of the defendants, as delineated by the pleadings. Decision of that question will have to be remitted to a proceeding appropriate for the purpose. Neither is it necessary at this time to indicate the remedy that may be available if the candidates were held to be guilty of a violation of the law. But see Dodge v. Johnson, 210 Ky. 843, 276 S. W. 984; Burns v. Lackey, 171 Ky. 21, 186 S. W. 909; Van Meter v. Burns, 176 Ky. 153, 195 S. W. 470; Whitney v. Skinner, 194 Ky. 804, 241 S. W. 350. The appellants rely solely upon the Declaratory Judgment Act for the remedy invoked. It is not apparent from the terms of

the act that the court has power to make a binding declaration of rights or forfeitures in a case of this character. It provides that "any person interested under a deed, will or other instrument of writing, or in a contract, written or parol; or whose rights are affected by statute, municipal ordinance or other government regulation; or who is concerned with any title to property, office, status or relation; or who as fiduciary, or beneficiary in interested in any estate, provided always that an actual controversy exists with respect thereto, may apply for and secure a declaration of his rights or duties, even though no consequential or other relief be asked." Civil Code, sec. 639a-2.

The appellants are not interested or concerned in anything embraced within those provisions of the statute. Their rights are not affected by any ordinance, regulation, or statute. They are not concerned with the title to any property, office, status, or relation. They present no actual justiciable controversy with respect to any rights of theirs, nor have they any duties to perform respecting which the direction of the court is desired or required. The appellants seek merely a declaration of disqualification of the named defendants and have failed to bring the case within any of the terms of the statute upon which the case is predicated. In the absence of a justiciable controversy requiring a declaration of the rights of the plaintiffs, or a definition of their duties, in respect thereof, the court has no jurisdiction to enter a binding judgment. Shearer et al. v. Backer, 207 Ky. 455, 269 S. W. 543; Axton v. Goodman, 205 Ky. 382, 265 S. W. 806; Kelly v. Jackson, 206 Ky. 815, 268 S. W. 539; Revis v. Daugherty, 215 Ky. 823, 287 S. W. 28.

Section 2 of the Declaratory Judgment Act (Civil Code, sec. 639a-2), already quoted in part, contains the further provision that "the enumeration herein contained does not exclude other instances wherein a declaratory judgment may be prayed and granted under section 1 of this act, whether such other instance be of a similiar or different character to those so enumerated." Section 1 of the act (Civil Code, sec. 639a-1), is somewhat broader and authorizes a declaration of rights either alone or with other relief, but it also conditions the power to make a binding declaration upon the existence of an actual controversy affecting the rights or duties of the applicant. It is apparent that the case at bar does not come within the provisions of section 1 of the act.

The rights sought to be declared belong exclusively to the defendants, and do not affect any justiciable right of the plaintiffs. There is no actual controversy pending between the plaintiffs and the defendants, but the plaintiffs sought merely to have certain of the defendants declared disqualified as candidates and certain other defendants adjudged the right to appear as candidates in their places. A right of action for such purpose is not conferred upon appellants by the Declaratory Judgment Act.

The action of the circuit court in sustaining the demurrer was not erroneous.

The judgment is affirmed.

Whole court sitting.