GEORGE ALBERT WINGATE, as Surrogate of Kings County, Plaintiff, v. EDWARD J. FLYNN, as Secretary of State of the State of New York, Defendant.

Supreme Court, Albany County, April 25, 1931.

*William D. Guthrie* and *Edward G. Griffin*, for the plaintiff.

*John J. Bennett, Jr., Attorney-General [Claude T. Dawes, Solicitor General,* of counsel], for the defendant.

BLISS, J. This is a motion for judgment on the pleadings. The answer admits all of the allegations of fact contained in the complaint and joins with the plaintiff in a prayer for a declaratory judgment.

At the general election held in November 1925, the plaintiff was duly re-elected to the office of surrogate of Kings county. At the time of his election article 6, section 15, of the Constitution provided as follows: " The existing Surrogates' Courts are continued, and the Surrogates now in office shall hold their offices until the expiration of their terms. Their successors shall be chosen by the electors of their respective counties, and their terms of office shall be six years, except in the county of New York, where they shall continue to be fourteen years."

At the same general election the People approved and ratified certain amendments to this portion of section 15 of article 6 to the effect that the same was renumbered and amended to read as follows: " § 13. The existing Surrogates' Courts are continued, and the surrogates now in office shall hold their offices until the expiration of their respective present terms. Their successors shall be chosen by the electors of their respective counties, and their terms of office shall be six years, except in the counties of New York, Kings, Bronx and Queens, where they shall hereafter be elected for terms of fourteen years."

Pursuant to article 14, section 1, of the Constitution this amendment became effective on January 1, 1926, on which day the plain-

tiff also took office as the result of his having been elected in November, 1925.

Section 69 of the Election Law directs the defendant, three months before each general election, to make and transmit to the board of elections of each county and of the city of New York a certificate stating each officer, except city, village and town officers, who lawfully may be voted for at such election by the voters of the county or of such city or any part thereof. The complaint alleges and the answer admits that the defendant does not intend to make and transmit to the board of elections of the city of New York any certificate whatsoever stating that the surrogate of Kings county is one of the officers who lawfully may be voted for at the general election to be held on the 3d day of November, 1931, by the voters of Kings county and that the defendant threatens to withhold and refuse said certificates, claiming that the plaintiff's present term of office expires on January 1, 1940. The plaintiff asks for judgment declaring whether the plaintiff was elected surrogate for the term of six years or for the term of fourteen years and whether it is the duty of the defendant, at least three months before the general election to be held on November 3, 1931, to make and transmit a certificate stating that the surrogate of the county of Kings is one of the officers who lawfully may be voted for at such election by the voters of the county of Kings.

The question involved here is one of constitutional construction. An actual controversy exists. This court, therefore, has the power to declare the rights of the parties. (Civ. Prac. Act, § 473; *Westchester Mortgage Co.* v. *Grand Rapids & I. R. R. Co.*, 246 N. Y. 194; *Board of Education* v. *Van Zandt*, 119 Misc. 124; affd., without opinion, 204 App. Div. 856; affd., 234 N. Y. 644.) While jurisdiction in an action for a declaratory judgment is discretionary (*Bareham* v. *City of Rochester*, 246 N. Y. 140), it is both the right and duty of the judiciary to take jurisdiction and decide cases when constitutional questions are presented. (*People ex rel. Wogan* v. *Rafferty*, 77 Misc. 258.) This is a situation where the jurisdiction of the court to declare the rights of the parties is of real advantage to the litigants and from a practical standpoint the court should assume jurisdiction. Future confusion and possible litigation will be avoided by a present determination of the question here involved. Public officers should have the right to have their legal duties judicially determined. In this way only can the disastrous results of well-intentioned but illegal acts be avoided with certainty.

The same general rules which govern the construction and interpretation of statutes and written instruments generally apply

to and control in the interpretation of written constitutions. (*People* v. *Fancher*, 50 N. Y. 288.) Constitutional provisions, like statutes, always act prospectively and not retrospectively, unless the words used or the objects to be accomplished clearly indicate that a retrospective operation was intended. (12 C. J. 721.)

It is one of the canons of construction applicable as well to constitutions as to statutes, that provisions prescribing power or giving authority are to be construed, in the absence of a clear intention to the contrary, as conferring power or authority to be exercised in respect to the future, and not as to transactions already consummated. (*People ex rel. Eldred* v. *Palmer*, 154 N. Y. 133.) As stated in *People ex rel. Eldred* v. *Palmer:* " It would be contrary to all precedent that the electors should not be advised before casting their votes of the duration of the terms of the officers to be elected." Had the electors known in November, 1925, that they were electing a surrogate for a term of fourteen years instead of six years the result of the election might have been different. Public policy requires that the term of office of an elective officer shall be fixed before the election. (*People ex rel. Fowler* v. *Bull*, 46 N. Y. 57.)

In *People ex rel. Davis* v. *Gardner* (45 N. Y. 812, affg. 59 Barb. 198; 5 Lans. 1) the defendant had been elected county judge at the general election held in November, 1869. The term of office as fixed by the Constitution then was four years. At the same general election the amended judiciary article of the Constitution was ratified by the People fixing the term of this office at six years and also incorporating in the Constitution the provision that no person should hold that office longer than the last day of December next after he should be seventy years of age. The defendant became seventy years of age in February, 1870. These amendments, under this decision, took effect January 1, 1870, at which time the defendant also assumed office for another term pursuant to his election in November, 1869. The court in passing upon the duration of defendant's term of office decided that the defendant held the office until the expiration of four years from the 31st day of December, 1869. In *People ex rel. Clark* v. *Norton* (59 Barb. 169) the defendant was elected county judge at the general election in November, 1869, and on January 1, 1870, took office. The same amendments referred to in *People ex rel. Davis* v. *Gardner* became effective January 1, 1870. The General Term held that the defendant had been regularly elected for the term of four years and that the provisions of the Constitution in effect at the time of the election determined the length of the defendant's term of office rather than those which went into effect simultaneously with defendant's assuming office.

On the day of plaintiff's election in the instant case the electors of the county of Kings were authorized to choose a surrogate for the term of six years. This term began on January 1, 1926. On January 1, 1926, these electors were for the first time authorized to choose a surrogate for the term of fourteen years. They had no such authority before that date. The amendment specifically states that the surrogate of the county of Kings " shall hereafter be elected for " a term of fourteen years. This amendment went into effect on January 1, 1926, and, therefore, speaks only of elections held on and after that date. The wording is positive and definite and is not susceptible of more than one interpretation.

The rules of constitutional and statutory construction, precedent, a careful reading and interpretation of the amendment itself and the practical situation all clearly indicate that the plaintiff was elected for a term of six years and that the amendment did not affect either his election or the duration of his term of office.

The plaintiff may have judgment accordingly.