In the Matter of the Application of FRANK SCHEINER, Petitioner, for Relief, etc., against "JOHN DOE" and Others, etc., Persons Intended Constituting the Board of Inspectors of Election for the 6th Election District of the 2nd Assembly District of Queens County, etc., and Others, Respondents, and CHARLES P. SULLIVAN, District Attorney, Queens County, Intervenor.*

Sup.eme Court, Queens County, October 10, 1941.

*Morris Pottish*, for the petitioner.

*William C. Chanler, Corporation Counsel [Thomas W. A. Crowe* of counsel], for the respondents.

*J. Irwin Shapiro*, for the intervenor.

STEINBRINK, J. The petitioner herein asks for numerous forms of relief, all predicated on the claim that the term of the present incumbent of the office of district attorney of Queens county expires on December 31, 1941.

The present incumbent was elected to his office at the general election held on November 8, 1938. At the time of his election the duration of his term of office was fixed by section 1 of article X of the Constitution of the State of New York, and subdivision 5 of section 200 of the County Law at four years commencing January 1, 1939. It is the petitioner's contention that under an amendment to the Constitution (Art. IX, § 15), approved by the electorate at the same general election (November 8, 1938), and which became effective on January 1, 1939, the present incumbent's term of office expires on December 31, 1941, rather than on December 31, 1942. Section 15 of article IX now provides: " All elections of city officers, including supervisors, elected in any city or part of a city, and of

* Affd., 262 App. Div. 1036; 286 N. Y. 712.

county officers elected in any county wholly included in a city; except to fill vacancies, shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of every such officer shall expire at the end of an odd-numbered year. This section shall not apply to elections of any judicial officer."

The difficulty with the petitioner's position is that the foregoing constitutional provision, under well-established canons of construction, must be given prospective application (*Wingate* v. *Flynn*, 139 Misc. 779; affd., 233 App. Div. 785; affd., 256 N. Y. 690), particularly in view of the public policy which favors enlightening the electorate as to the duration of the term of the office voted upon. (*People ex rel. Davis* v. *Gardner*, 59 Barb. 198; affd., 45 N. Y. 812.)

It follows that the constitutional provision invoked by the petitioner can have no application to the incumbent's term of office, which remains governed by the constitutional and statutory provisions effective on the date of his election to office.

Accordingly, the application is in all respects denied.