72 So.2d 723

**TALTON et al. v. DICKINSON.**

**7 Div. 208.**

Supreme Court of Alabama.

May 13, 1954.

12

Lee Porter and Roy D. McCord, Gadsden, for appellants.

Lusk, Swann & Burns, Gadsden, for appellee.

SIMPSON, Justice.

This is a declaratory judgment proceeding at law filed by the appellants as taxpayers and qualified electors of Etowah County, Alabama, who voted in the 1952 Democratic primary election against the appellee, who became the Democratic nominee for superintendent of education for said county. The complaint, filed before the holding of the next ensuing general election, sought a determination of whether or not (a) said appellee Dickinson was entitled to receive a certificate of eligibility from the State Superintendent of Education under the applicable statutes; (b) whether or not he would be eligible if elected in the coming general election to serve in the office of superintendent of education of the county; and (c) whether if qualified for said office he would on account of age (attaining seventy years after taking office) be ineligible to serve his full term. From a judgment below sustaining the demurrer to the complaint this appeal has proceeded.

We are impressed that appellants have failed to show by their complaint any justiciable rights in the premises to invoke the jurisdiction of the court for a declaratory judgment. In view, however, of a prevailing opinion of the Attorney General, we have thought it proper to respond to (a), the first question. See Vol. 36, Quarterly Report of Attorney General of Alabama, July 1, 1944–September 30, 1944, pp. 16, 19.

The first question has been posed by reason of the contention of appellants that some duty devolved upon the State Superintendent of Education to determine whether or not the appellee met the qualifications as to age imposed by the Teacher Retirement Act. We regard the contention as untenable. Code 1940, Title 52, § 103, as amended, pertinently provides:

"No person shall be eligible * * * for political party nomination, or for election to the office of county superintendent of education of any county who does not hold an Alabama certificate in administration and supervision based upon requirements established by the state board of education for such certificate, and who does not submit proof to the state superintendent of education of three years of successful educational experience as teacher, principal, supervisor, superintendent, educational administrator, or instructor in school administration during the five years next preceding his * * * election * * *."

Section 324, Title 52, as amended, provides the minimum requirements for a certificate of administration and supervision, i. e., graduation from a teachers college or equivalent education and three years of successful teaching experience during the five years next preceding the issuance of the certificate. Section 109 of said title provides that any person possessing the qualifications prescribed by law for such a certificate *shall be entitled to have a certificate* signed by the State Superintendent of Education upon having made application in writing and submitting satisfac-

tory proof that he is so entitled, whereupon it shall be the duty of the State Superintendent of Education on making such showing to forthwith issue the same. It is our opinion from a consideration of these statutes that no duty devolved upon the State Superintendent of Education, when issuing the certificate required by § 109, to ascertain whether or not a candidate for the office of county superintendent of education meets the qualifications as to age, if any, imposed by the Teacher Retirement Act. On the contrary, by the provisions of said § 109, the appellee was entitled to a certificate from the State Superintendent of Education upon a satisfactory showing that he was possessed of the qualifications for a certificate of administration and supervision and had the required educational experience. Section 104 of said title, as pertinent, provides:

"* * * before any person shall qualify as a candidate for or for the nomination of a political party as a candidate for the office of county superintendent of education for a county in which such officer is elected by the qualified voters of the county, such person shall file with the probate judge a certificate signed by the state superintendent of education that such person holds a certificate of administration and supervision as required by the law prescribing the qualifications of a county superintendent of education. * * *"

We think it clear on a construction of all of the related provisions of the law, supra, that § 109 cannot be interpreted to mean that the State Superintendent of Education, upon issuing the necessary certificate, is required to determine the eligibility of a candidate. His acts are merely ministerial to perform the requirements of the statute. Such State Superintendent would not therefore be required to ascertain whether or not a candidate met the additional qualifications, if any, as to age imposed by the Teacher Retirement Act.

The second inquiry, (b), seeks a determination of whether the appellee was ineligible to serve any portion of the term of the office for which he was nominated. It is alleged that sixteen months before the term of office for which the appellee was nominated shall have been completed, he would attain the age of seventy years. It is the appellants' contention that under the Teacher Retirement Act the appellee would be required to retire from the office upon attaining the age of seventy and this fact thereby renders the appellee ineligible to hold the office of county superintendent of education if elected in the general election. The ineligibility of a person for the office sought at the time of the declaration of nomination is a ground of statutory contest; such contest, as to county officers, must be instituted within five days after the result has been declared. Title 17, §§ 373, 374, Code 1940. Such action, however, was not taken in the case at bar, but the appellants seek relief under the Declaratory Judgments Act, Title 7, § 156 et seq. Pretermitting the question as to whether or not the remedy of statutory contest is the proper and exclusive remedy of the appellants, we entertain the view that the appellants are not entitled to declaratory relief, for they fail to show a justiciable controversy. The defendant in the proceeding, appellee here, was only a party nominee to the office, had not been elected and might never have been elected in so far as the present proceedings are concerned, and the private citizens who filed the bill as parties complainant show absolutely no right to have the court adjudicate on the question.

The Court of Appeals of Kentucky in Dietz v. Zimmer, 231 Ky. 546, 21 S.W.2d 999, a case of much factual similarity to the one at bar, observed:

"The appellants are not interested or concerned in anything embraced within those provisions of the statute. Their rights are not affected by any ordinance, regulation, or statute. They are not concerned with the title to any property, office, status, or relation. They present no actual justiciable controversy with respect to any rights of theirs, nor have they any duties to perform respecting which the

direction of the court is desired or required. The appellants seek merely a declaration of disqualification of the named defendants and have failed to bring the case within any of the terms of the statute upon which the case is predicated. In the absence of a justiciable controversy requiring a declaration of the rights of the plaintiffs, or a definition of their duties, in respect thereof, the court has no jurisdiction to enter a binding judgment. * * *

" * * * The rights sought to be declared belong exclusively to the defendants, and do not affect any justiciable right of the plaintiffs. There is no actual controversy pending between the plaintiffs and the defendants, but the plaintiffs sought merely to have certain of the defendants declared disqualified as candidates and certain other defendants adjudged the right to appear as candidates in their places. A right of action for such purpose is not conferred upon appellants by the Declaratory Judgment Act." 21 S.W. 2d 1000–1001.

This case was reaffirmed in Wells v. Lewis, 300 Ky. 675, 190 S.W.2d 28, and we regard the principle enunciated as sound.

The situation here presented is different from the case where public officers seek a declaration as to their legal duties. Wingate v. Flynn, 139 Misc. 779, 249 N.Y.S. 351, 353, 233 App.Div. 785, 250 N.Y.S. 917; Id., 256 N.Y. 690, 177 N.E. 195; Recall Bennett Committee v. Bennett, 196 Or. 299, 249 P.2d 479.

With respect to the third question, i. e., whether if qualified for said office the appellee would, on account of age, be ineligible to serve his full term, we are of the opinion that there is no occasion for a declaratory judgment. The proceeding is not available to adjudicate anticipatory rights and it is not sufficient that the parties anticipate that a justiciable controversy may arise. Callen v. Callen, 257 Ala. 226, 58 So.2d 462. Upon the reason-

ing in Birmingham Bar Association v. Phillips & Marsh, 239 Ala. 650, 196 So. 725, we entertain the view that a proceeding in quo warranto, Title 7, § 1133 et seq., is the exclusive remedy to determine whether or not a party is usurping a public office. See also Seavey v. Van Hatten, 276 App.Div. 260, 94 N.Y.S.2d 402. We do not think the 1947 amendment to § 167, Title 7, relating to the construction of the Declaratory Judgments Act can be construed as bringing about a change of the law enunciated in Birmingham Bar Association v. Phillips & Marsh, supra, in view of the rationale therein employed.

The judgment of the lower court sustaining the demurrer was proper.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and STAKELY, JJ., concur.