Plaintiff filed this action for injunctive relief and declaratory judgment in the Circuit Court for Montgomery County. He asked the court to declare that he was not in violation of Code 1975, § 36-25-7 (a), a section of the Ethics Act.[1] The trial court held that the plaintiff's status placed him in violation of the statute, and denied him the relief he sought. The plaintiff appealed. We find that the facts of this case did not present to the trial court a justiciable controversy, and dismiss the appeal.
The facts of the case, as presented at trial, are as follows:
The plaintiff, Kenneth W. Underwood, Jr., was employed by South Central Bell Telephone Company, and had been so employed since May, 1956. At the time of trial, his title was Assistant Vice President, Governmental Affairs, for the Alabama operating area of the company. In this capacity he served as liaison between the company and state and federal governments. He also appeared before legislative committees and offered testimony in favor of or in opposition to proposed legislation affecting his employer. In addition, his duties required that he entertain members of the *Page 127 
legislature. Underwood was registered as a lobbyist with the State Ethics Commission.
Underwood also served as associate member on the Board of Appeals of the Alabama Department of Industrial Relations (the Board). He was classified as a representative of employers. He had held that position since 1968. Members of the Board of Appeals can receive up to $8,000.00 per year for their service, plus $.20 per mile in travel pay and $30.00 per diem.
In October, 1982, the Ethics Commission (the Commission) rendered and adopted advisory opinion # 652, advising that for Underwood to occupy both his position on the Board and his position as a lobbyist put him in violation of § 36-25-7 (a). The executive director of the Commission then wrote to the director of the Department of Industrial Relations, informing him of the opinion and requesting that the director remove Underwood from the Board. That same day, Underwood filed his complaint for injunctive and declaratory relief.
The case was submitted on testimony of the plaintiff, briefs filed by the parties, and oral argument. At the hearing, counsel stipulated that the court had jurisdiction of the case, that an actual controversy existed, and that the claim was ripe for declaratory judgment.
In deciding that the case was not properly before the court, we call attention to the following details, all of which were noted in the memorandum opinion of the trial judge:
Underwood, in his complaint, did not challenge the constitutionality of § 36-25-7 (a) on its face or in its application to him. Likewise, he did not contend that the Ethics Commission exceeded its authority in rendering the advisory opinion or in requesting that the director of the Department of Industrial Relations remove Underwood from the Board. He merely challenged the correctness of the conclusion expressed in the advisory opinion.
The Ethics Commission is granted the authority in Code 1975, § 36-25-4 (9), to render advisory opinions. Such an opinion has the effect of protecting "such person to whom it is directed from liability to either the state, county or municipal subdivision of the state because of any official action or actions performed as directed or advised in such opinion." §36-25-4 (9). The Commission has no authority to enforce its opinions, but is limited to reporting suspected violations of law to the appropriate law-enforcement authorities (§ 36-25-4
(8)), and reporting its findings to the director and the appointing authority. Underwood, having been appointed to the Board by the governor, is subject to removal only by action of the governor (§ 36-13-7) or by impeachment (§ 25-2-12). Therefore, as pointed out by the trial court, the Commission's request that the director remove Underwood from the Board was a nullity.
The trial court, in its opinion, stated:
 Inasmuch as the Commission has exhausted its power and has no enforcement authority, it is difficult to ascertain what bona fide justiciable controversy exists to be resolved by this court inasmuch as there exists merely a difference of opinion between the Commission and the plaintiff. It is well to point out, however, that in these circumstances the plaintiff may either resign his position on the Board, he may resign his private employment, he may request his employer to assign him different responsibilities which do not include lobbying before the legislature, or he may risk prosecution in the event the proper authorities agree with the Commission's interpretation of § 7 (a) and the authorities conclude that prosecution is warranted under the circumstances.
The trial court then went on to note that the Uniform Declaratory Judgment Act, under which this case was brought, is a remedial act that is to be liberally construed and administered. Code 1975, § 6-6-221. Because of this, the court concluded that, although Underwood was merely requesting the court to resolve a difference of opinion as to the interpretation of the law, it should proceed to construe §36-25-7 (a) as it applies to Underwood. We disagree. *Page 128 
This court has held many times that the declaratory judgment statutes do not empower courts to decide moot questions or abstract propositions, or to give advisory opinions, however convenient it might be to have the questions decided for the government of future cases. State ex rel. Baxley v. Johnson,293 Ala. 69, 300 So.2d 106 (1974); Alabama-Tennessee NaturalGas Co. v. City of Huntsville, 275 Ala. 184, 153 So.2d 619
(1963); Birmingham Trust National Bank v. Garth, 263 Ala. 121,81 So.2d 590 (1955). The anticipation of a justiciable controversy is not sufficient to warrant a judicial declaration of rights. See Smith v. Alabama Dry Dock Shipbuilding Co.,293 Ala. 644, 309 So.2d 424 (1975); Talton v. Dickinson,261 Ala. 11, 72 So.2d 723 (1954).
As pointed out by the trial court, at the time of trial Underwood had several options open to him. While Underwood might prefer not to have to exercise any of these options, it is obvious that he had several choices which would eliminate the possibility of a controversy altogether. In the absence of the power of enforcement of the Commission's advisory opinion, it is uncertain at this point whether a controversy would arise, even if he chose to disregard the opinion.
While Alabama law has recognized the right of a plaintiff to test a rule or regulation of an administrative board which carries with it the power of law or authority for enforcement (see Gibbs v. Cochran, 281 Ala. 22, 198 So.2d 607 (1967)), such a situation is not presented in this case. The validity of the statute which was interpreted in the Commission's opinion was not challenged, nor was the authority of the Commission to render the opinion. An advisory opinion alone, having no force of law, is not subject to review by the courts, either by appeal or by action for declaratory judgment. Under the circumstances, we find that there was no justiciable controversy before the trial court, and, thus, that court had no jurisdiction. See Wallace v. Burleson, 361 So.2d 554 (Ala. 1978).
Since the judgment of the trial court was void because of the lack of a justiciable controversy between the parties, and since a void judgment will not support an appeal, it follows that the appeal is due to be dismissed. Smith v. Alabama DryDock Shipbuilding Co., supra; State ex rel. Baxley v.Johnson, supra; City of Mobile v. Scott, 278 Ala. 388,178 So.2d 545 (1965).
APPEAL DISMISSED.
TORBERT, C.J., and JONES and BEATTY, JJ., concur.
MADDOX, ALMON and SHORES, JJ., dissent.
FAULKNER and EMBRY, JJ., recused.
[1] § 36-25-7 (a) states:
No public official or employee or his family shall solicit or receive any money in addition to that received by the official or employee in his official capacity for advice or assistance on matters concerning the legislature, an executive department or any public regulatory board, commission or other body.