674 So.2d 54 (1995)
Ex parte SIERRA CLUB.
(In re SIERRA CLUB v. ALABAMA ENVIRONMENTAL MANAGEMENT COMMISSION, et al.).
1940857.
Supreme Court of Alabama.
September 22, 1995.
Rehearing Denied January 12, 1996.
*55 Ray Vaughn, Montgomery, and Edward W. Mudd, Jr., Birmingham, for Petitioner.
Euel Screws of Copeland, Franco, Screws & Gill, Montgomery, for Dr. John Lester.
Joe R. Whatley, Jr. and Sam Heldman of Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, for Dr. Charlotte Carter.
William Baxley and Joel Dillard of Baxley, Dillard, Dauphin & McKnight, Birmingham, for R.D. Hicks.
Olivia H. Jenkins and Ronald W. Farley, Alabama Department of Environmental Management, for the Department and John M. Smith in his official capacity.
INGRAM, Justice.
The Alabama chapter of the Sierra Club ("Sierra"), a national environmental organization, petitions this Court for a writ of mandamus ordering the Montgomery Circuit Court to reinstate a consent judgment. The consent judgment, which had been signed by Sierra representatives and the attorney general, *56 concerned the legality of the appointments of R.D. Hicks, Charlotte Carter, and John Howard Lester to the Alabama Environmental Management Commission ("the Commission"). The legality of those appointments had been brought into question by a declaratory judgment and permanent injunction action instituted by Sierra. Hicks, Carter, and Lester later contested the consent judgment. The trial court set the consent judgment aside, stating that it had not had jurisdiction over the matter because Sierra had utilized a declaratory judgment action, rather than a quo warranto action.
The writ of mandamus which Sierra seeks is an extraordinary writ that applies "where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable." Rule 21(e)(4), Ala.R.App.P. In order for this Court to issue a writ of mandamus, Sierra must show: "(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); see Ex parte Bloodsaw, 648 So.2d 553, 554 (Ala. 1994).
The Commission has supervisory authority over the Alabama Department of Environmental Management ("ADEM"). In December 1994, Sierra filed an action for a declaratory judgment and a permanent injunction against the Commission and ADEM, contending that the Commission had hired John Smith as the new director of ADEM without proper notice and in a closed meeting, in violation of the Sunshine Law, Ala.Code 1975, § 13A-14-2. It also contended that Smith was not qualified for the position. In an amendment to that complaint, Sierra alleged that Ala.Code 1975, § 22-22A-4, was violated when Governor Jim Folsom appointed Hicks, Carter, and Lester before the expiration of the terms of the members they were to replace, and when the Alabama Senate confirmed the appointments. In a second amendment, Sierra sued the members of the Commission in their official capacities.
On February 2, 1995, the trial court issued a consent judgment, by which Sierra and the Commission, represented by the attorney general, agreed that the appointments of Hicks, Carter, and Lester were properly made, but that the appointments were to be resubmitted by the Governor to the Alabama Senate for another confirmation. The judgment noted that "[t]he Governor is under no obligation to support these confirmations and may in fact oppose such confirmation[s]."
On March 7, 1995, Hicks, Carter, and Lester, through their personal attorneys, filed motions to set aside the consent judgment. The trial court held that it had lacked jurisdiction to issue the judgment because of Sierra's failure to utilize an action by writ of quo warranto. The trial court stated:
"The Court concludes that it lacked subject matter jurisdiction and jurisdiction over the individual Commissioners to enter the consent order. Notwithstanding the Commissioners' contentions, it is clear that they were only sued in their official capacity and not individually. However, this works to the Commissioners' advantage [in] this instance. The relief sought by Sierra was precisely the type of relief for which quo warranto lies, to test their title to the office of Commissioner and to oust them if they were found to be wrongfully holding that office. Sierra does not claim any interest in the office; therefore, an action for declaratory judgment was not the proper remedy.
"Because the action must be brought against the individual holding the office, the individual has standing to contest the Court's jurisdiction to enter the consent order."
For these reasons, the trial court set aside the consent judgment.
The writ of quo warranto is a common law writ used to determine whether one is properly qualified and eligible to hold a public office. The writ is utilized to test whether a person may lawfully hold office, unlike impeachment, which is the removal of an officeholder for inappropriate acts while lawfully holding office. See Sullivan v. State ex rel. Attorney General of Alabama, 472 So.2d 970 (Ala.1985); State ex rel. Chambers *57 v. Bates, 233 Ala. 251, 171 So. 370 (1936). Stated another way, the purpose of the writ of quo warranto is to ascertain whether an officeholder is "constitutionally and legally authorized to perform any act in, or exercise any functions of, the office to which he lays claim." 65 Am.Jur.2d Quo Warranto § 122 (1972).
In Alabama, actions for the writ of quo warranto may be brought by private citizens pursuant to Ala.Code 1975, § 6-6-591. Rouse v. Wiley, 440 So.2d 1023 (Ala. 1983). Section 6-6-591 states, in pertinent part:
"(a) An action may be commenced in the name of the state against the party offending in the following cases:
"(1) When any person usurps, intrudes into or unlawfully holds or exercises any public office...."
The issuance of a writ of quo warranto must serve the public good, although it may also incidentally benefit the person or persons that institute the action. Floyd v. State ex rel. Baker, 177 Ala. 169, 59 So. 280 (1912); State ex rel. Fuller v. Hargrove, 277 Ala. 688, 174 So.2d 328 (1965).
In Talton v. Dickinson, 261 Ala. 11, 72 So.2d 723 (1954), the Court held that qualified electors could not use a declaratory judgment action to determine the eligibility of a nominee for public office. The private citizens "failed to show by their complaint any justiciable rights in the premises to invoke the jurisdiction of the court for a declaratory judgment." 261 Ala. at 12, 72 So.2d at 724. The Court cited Dietz v. Zimmer, 231 Ky. 546, 21 S.W.2d 999 (1929), in support of its position; in Dietz, the Kentucky Court of Appeals noted that the appellants in that case sought "merely a declaration of disqualification of the named defendants," and it held: "In the absence of a justiciable controversy requiring a declaration of the rights of the plaintiffs, ... the court has no jurisdiction to enter a binding judgment." (As quoted in Talton, 261 Ala. at 14, 72 So.2d at 726.) The Talton Court held that "a proceeding in quo warranto, Title 7, § 1133 et seq., [Ala. Code of 1940,] is the exclusive remedy to determine whether or not a party is usurping a public office." 261 Ala. at 14, 72 So.2d at 726. See also Akers v. State ex rel. Witcher, 283 Ala. 248, 250, 215 So.2d 578 (1968) ("Quo warranto is the proper procedure to test whether or not a party is eligible to hold public office.").
In Reid v. City of Birmingham, 274 Ala. 629, 150 So.2d 735 (1963), the Court held that residents of the City of Birmingham who challenged an election to change the City of Birmingham's form of government had no "interest such as will make this action present a justiciable controversy" for purposes of a declaratory judgment action. 274 Ala. at 639, 150 So.2d at 744. It cited Talton in holding: "[Q]uo warranto, not declaratory judgment, is the exclusive remedy to determine whether or not a party is usurping a public office." 274 Ala. at 638, 150 So.2d at 743. The Reid Court further noted that the real parties in interest in that case were the candidates in the election, who had not been made parties in their individual capacities to the declaratory judgment action. 274 Ala. at 639-40, 150 So.2d at 743.
Following this Court's previous holdings concerning the writ of quo warranto, we hold that the trial court did not err in setting aside the consent judgment on motion by Hicks, Carter, and Lester. This case appears to be precisely the type of case for which the writ of quo warranto, rather than a declaratory judgment action, is the exclusive remedy. Talton, supra; Reid, supra. Sierra maintains:
"[T]his case is about procedure.... This case is not about whether these three individuals should be permanently removed... from the offices they hold.
". . . .
"... At no time has [Sierra] ever alleged that these three people are disqualified, permanently or otherwise, and cannot hold the office of an AEMC commissioner."
It further argues that its "challenge over the confirmations ... never required that these people be thrown out of office." However, these arguments appear to be in direct contradiction to Sierra's complaint in the trial court. In an amendment to that complaint, Sierra stated:

*58 "[Sierra] respectfully prays that this Court declare that the appointments of [Hicks, Carter, and Lester] were in violation of the Alabama Environmental Management Act and are thus illegal and void....
". . . .
"Because the appointments and confirmations of [the] Defendant Commission's members [Hicks, Carter, and Lester] were in violation of the Alabama Environmental Management Act, they cannot legally hold their offices and positions as commissioners. The Commission should be enjoined from allowing [Hicks, Carter, and Lester to continue] to serve as members of the Commission.
". . . .
"WHEREFORE, [Sierra] respectfully prays that this Court ... issue a preliminary and permanent injunction ordering that [Hicks, Carter, and Lester] be removed as members of the [Commission]...."
It is clear that, despite Sierra's contentions, the essence of its complaint in regard to the offices held by Hicks, Carter, and Lester is an attempt to challenge those Commission members' qualifications for their positions and to oust them from those positions; that is, Sierra alleges that Hicks, Carter, and Lester were improperly appointed to, or confirmed for, their positions on the Commission. In a proceeding for a writ of quo warranto, Sierra may attempt to establish these facts and challenge the appointments and confirmations for the benefit of the public interest, as well as for its own incidental benefit. See Fuller v. Hargrove, supra. The writ of quo warranto must be directed toward the objectionable person holding the office and exercising its functions in his or her individual capacity.
Although Sierra strenuously argues that a declaratory judgment action is the proper vehicle for review of a commissioner's status on the Commission, the precedents cited above lead us to disagree. A declaratory judgment action is not appropriate in this case because, contrary to Sierra's contentions, this case is not merely one concerning the interpretation of a statute. Rather, it directly concerns whether Hicks, Carter, and Lester are unlawfully exercising their positions as commissionersi.e., whether they were appointed and confirmed in violation of Ala.Code 1975, § 22-22A-6. The question whether Hicks, Carter, and Lester were properly or improperly appointed and confirmed strikes directly at the heart of their qualifications for those offices. Because their qualifications for service in office are being questioned, the writ of quo warranto is Sierra's only proper remedy in this case. Reid, supra; Talton, supra. To suggest otherwise that the qualifications of Hicks, Carter, and Lester are not at issueis to ignore Sierra's attempts to remove them from office or, at the least, require them to submit to another confirmation process.
Although Rule 57, Ala.R.Civ.P., provides for the use of declaratory judgment actions, Rule 81 states that the rules are applicable "to the extent that the practice in such matters is not provided by statute"; it then notes that quo warranto proceedings "or actions in the nature thereof" fall under this rule. Rule 81(a)(23). As noted above, the Alabama legislature provided for the use of the writ of quo warranto in § 6-6-591. In contrast to the writ of quo warranto, the declaratory judgment procedure is designed to settle a justiciable controversy where each side has standing to engage the power of the courts for a determination of that controversy. In this case, however, the only question at issue at this time is the legality of the appointments of Hicks, Carter, and Lester. The consequence of an action to test whether they are entitled to hold these offices requires that the petitioner have standing. Sierra would have standing to petition the trial court for a writ of quo warranto, on behalf of the State, to determine the legality of these appointments. It does not have standing to file a declaratory judgment action under these circumstances. Even under our Rules of Civil Procedure, a declaratory judgment action is not convertible to a quo warranto action.
Hicks, Carter, and Lester, in their individual capacities, were indispensable parties to this action and had standing to challenge the consent judgment. The trial court did not *59 abuse its discretion in setting aside the consent judgment.
Sierra has failed to establish that it has a legal right to reinstatement of the consent judgment. Ex parte Bloodsaw, supra. Therefore, Sierra's petition for the writ of mandamus is hereby denied.
WRIT DENIED.
ALMON, KENNEDY, and COOK, JJ., concur.
HOUSTON, J., concurs in the result.
BUTTS, J., dissents.
BUTTS, Justice (dissenting).
I respectfully dissent from the majority opinion. I would grant the Sierra Club's petition for a writ of mandamus, because I believe it has a clear legal right to the order sought. I believe that the Montgomery Circuit Court had jurisdiction to issue the consent judgment and was bound by law to perform that ministerial act. Ex parte Boyd, 417 So.2d 577 (Ala.1982); State ex rel. Carmichael v. Jones, 252 Ala. 479, 41 So.2d 280 (1949).
The majority holds that the circuit court correctly held that it lacked jurisdiction to issue the consent judgment, because, the majority holds, the Sierra Club should have petitioned for a writ of quo warranto, pursuant to Ala.Code 1975, § 6-6-591, rather than filing the declaratory judgment action. The majority notes that quo warranto is the proper action to "determine whether one is properly qualified and eligible to hold a public office." 674 So.2d at 57.
The Sierra Club filed an action for a declaratory judgment. Its original complaint contained 10 counts. Its amended complaint added counts 11 and 12. Although certain counts within the original complaint challenged the qualifications of John Smith as director of the Alabama Department of Environmental Management and, thus, may have been more properly brought in a quo warranto action, those counts are not the basis for the consent judgment at issue in this case. The consent judgment at issue here was based on a count alleging that three members of the Alabama Environmental Management Commission were not appointed and were not confirmed in the manner required by Ala.Code 1975, § 22-22A-6. That count did not involve an allegation that the commission members are unqualified to hold those positions, and their qualifications are not at issue in this case. Ultimately, the Sierra Club dismissed that part of the complaint alleging that the commission members were not properly appointed, and the consent judgment involved solely the issue whether the commission members were properly confirmed according to the requirements of the controlling statute. That is the claim over which the circuit court held it lacked jurisdiction. I believe that such a claim regarding the interpretation of statutory requirements is properly brought in a declaratory judgment action, and I believe the circuit court had jurisdiction to issue the consent judgment based on that claim.
Quo warranto actions are brought on behalf of the State against an individual and seek to remove that individual from a State office. In contrast, the claim on which the consent judgment is based was in essence a claim against the Statethat the State did not act in accord with the requirements of § 22-22A-6 when certain commission members were confirmed. The Sierra Club's claim could not have, by itself, succeeded in removing the commission members from their office. Section 22-22A-6 states that appointees to the Alabama Environmental Management Commission shall have the full power of the office until the Senate, in voting on whether to confirm the appointments, declines to do so. Thus, the claim would not have been proper in a quo warranto action.
The Sierra Club's claim regarding the confirmation process required interpretation of a statute, § 22-22A-6, and was properly brought in a declaratory judgment action. See Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479 (1942) (declaratory judgment action against the Department of Revenue regarding interpretation of the Sales Tax Act under a given set of facts). Thereafter, the attorney general, as lawful attorney for the State, had the power to reach a settlement of the case and to agree to the consent judgment. That judgment should be issued.
*60 The majority relies, in part, on this Court's opinion in Reid v. City of Birmingham, 274 Ala. 629, 150 So.2d 735 (1963), to support its contention that the Sierra Club should have filed a quo warranto action rather than the declaratory judgment action. Reid, however, was a narrow 4-3 decision, with two Justices joining Justice Lawson's dissent. I agree with Justice Lawson, who stated:
"This litigation is not in the nature of a quo warranto proceeding. Only a question of statutory construction is involved and I am at a loss to understand the court's holding to the effect that the statute will not be construed."
274 Ala. at 640, 150 So.2d at 745 (emphasis added).