CRAWLEY, Judge.
LKJ, Inc., sued Michael Browning and three fictitious parties, alleging the conversion of 12 slabs of wood. The case was tried to the circuit court, without a jury. At the close of its case, LKJ moved the court to amend its complaint to add Browning Brothers Flooring, Inc., a corporation, as a defendant. The court granted the motion and subsequently found in favor of LKJ. The trial court entered a judgment against Browning for $20,000 and against the corporation for $20,000. The corporation filed a motion to alter, amend, or vacate the judgment. The trial court denied that motion. The corporation appeals.
The trial court had no jurisdiction to enter a judgment against the corporation. The corporation was not served with process, and neither it nor its lawyer appeared at trial. Rule 4(f), Ala. R. Civ. P., provides, in pertinent part:
“When there are multiple defendants and the summons (or other document to be served) and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served....”
“Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.” Ex parte Pate, 673 So.2d 427, 428 (Ala.1995).
The judgment against the corporation is due to be set aside because it is void. “[A] void judgment will not support an appeal.... ” Underwood v. State, 439 So.2d 125, 128 (Ala.1983). Consequently, the judgment is vacated and these appellate proceedings are dismissed.
JUDGMENT VACATED AND APPEAL DISMISSED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the' result.